**No. 25-1970**

_____

*UNITED STATES COURT OF APPEALS*

FOR THE NINTH CIRCUIT

_____

**DANIEL GOMES FERREIRA**

*Plaintiff-Appellant*,

-v.-

KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY; KIKA SCOTT, ACTING DIRECTOR,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES; AND
CONNIE NOLAN, ASSOCIATE DIRECTOR OF THE SERVICE
CENTER OPERATIONS DIRECTORATE

*Defendants-Appellees.*

On Appeal of the United States District for
The Northern District of California
No. 4:24-CV-01820
Hon. Donna M. Ryu,

_____

**APPELLANTS' OPENING BRIEF**

_____

Marcelo Gondim
Gondim Law Corp
1880 Century Park East
Suite 400 Los Angeles, CA
90067 Ph: (323) 282-7770
court@gondim-law.com
*Attorney for Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... iv

INTRODUCTION ...........................................................................................1

JURISDICTIONAL STATEMENT ................................................................3

STATUTORY AND CONSTITUTIONAL AUTHORITIES.................................3

STATEMENT OF THE ISSUES PRESENTED ........................................3

STATEMENT OF THE CASE........................................................................4

SUMMARY OF THE ARGUMENTS.............................................................6

STANDARD OF REVIEW ............................................................................8

ARGUMENTS ................................................................................................9

I.    THE DISTRICT COURT ERRED BY ACCEPTING
      DEFENDANTS' VERSION OF THE FACT S AS TRUE.................9

      A.    The APA prohibits agency actions that are arbitrary, capricious,
            abuse of discretion, or otherwise not in accordance with the
            law. .........................................................................................9

      B.    The Court does have jurisdiction over the denial of this I-485.
            ................................................................................................12

      C.    USCIS cannot prevail over the pleadings based on the defense
            of procedural regularity............................................................14

      D.    Filing for adjustment of status does not constitute a violation of
            nonimmigrant status.................................................................15

II.   THIS COURT SHOULD RESTORE FERREIRA'S PROCEDURAL
      DUE PROCESS CLAIMS UNDER THE FIFTH AMENDMENT...18

A.    Mr. Ferreira pleads a procedural due process claim where he alleges that a government action deprives him of a constitutionally protected interest without adequate procedural safeguards..................................................................18

III.    IN THE ALTERNATIVE, THIS COURT SHOULD REVERSE AND REMAND TO ALLOW MR. FERREIRA TO AMEND...................21

CONCLUSION.........................................................................................22

STATEMENT OF RELATED CASES ....................................................24

STATEMENT OF COMPLIANCE..........................................................25

CERTIFICATE OF SERVICE ................................................................26

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).....................................8

*Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) ............................ 10, 18

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)...............................................8, 9

*Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) ......................................8

*Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) ......21

*Harris v. Roderick*, 126 F.3d 1189, 1192 (9th Cir. 1997) ........................................9

*Hartmann v. Cal. Dep't of Corr. and Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013)6, 12, 20

*Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) .. 11, 15, 19

*KRL v. Moore*, 384 F. 3d 1105, 1110 (9th Cir. 2004) ..............................................9

*Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016) ............................6

*Matter of Gallares*, 14 IN Dec. 250 (BIA 1972) ....................................................16

*Matter of Hosseinpour*, 15 I&N Dec. 191 (BIA 1975)............................................15

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)................................................................. 10, 18

*Oregon Natural Resources Council v. Lowe*, 109 F.3d 521, 526 (9th Cir. 1997)..10, 18

*Patel v. Garland,* 596 U.S. 328 (2022) .......................................... 13, 14

*See A. K. H.*, 837 F.3d at 1010 .................................................8

*Taylor v. List,* 880 F. 2d 1040, 1045 (9th Cir. 1989)................................................8

*Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984) ...11, 19

**Statutes**

28 U.S.C. § 1291 ...........................................................................3

iv

28 U.S.C. § 1331 ................................................................................................ 3

5 U.S.C. § 555(b) ..................................................................................... 11, 19

5 U.S.C. § 702 .................................................................................................. 3

5 U.S.C. § 706(2)(A) .............................................................................. 10, 12, 18

8 U.S.C. § 1252(a)(2)(B)(i) ............................................................................. 12

section 237(a)(1)(C)(i) ..................................................................................... 16

section 241(a)(9) .............................................................................................. 16

section 245 of the INA ..................................................................................... 15

Section 245(k) ............................................................................................ 7, 17

v

## **INTRODUCTION**

This appeal concerns the United States Citizenship and Immigration Services' (USCIS) decision to deny Daniel Gomes Ferreira's applications to adjust his status and extend his nonimmigrant status, as well as the subsequent dismissal of his motions to reopen or reconsider these denials. Although the district court acknowledged the procedural aspects of Ferreira's claims, it dismissed his arguments under the Administrative Procedure Act (APA) and procedural due process without fully addressing the merits of his evidence or the agency's failure to consider it. *See 1-ER-3–16.* The district court's dismissal of each claim was incorrect and should be reversed.

Daniel Gomes Ferreira is a diligent applicant seeking to adjust his status in the United States, but his efforts have been thwarted by USCIS's arbitrary and capricious decisions. Despite presenting substantial evidence of his eligibility and the agency's procedural missteps, Ferreira's applications were denied without adequate consideration. Ferreira's claims under the APA and due process principles address the agency's failure to provide a meaningful review of his case, which has compelled him to seek judicial intervention. Contrary to the district court's ruling, Ferreira stated a claim on each theory.

First, under the APA, an agency action must not be arbitrary, capricious, or an abuse of discretion, and must be set aside if it fails to consider important aspects

1

of the problem or offers explanations contrary to the evidence. Ferreira's applications were denied based on boilerplate decisions that did not account for the specific evidence he provided, such as his ties to his home country and his lack of intent to immigrate permanently at the time of his visa application. Additionally, the agency's failure to consider relevant evidence precludes a ruling on the pleadings that no procedural due process violation occurred.

Second, Ferreira's procedural due process claims assert that he was not given a meaningful opportunity to be heard, as the agency relied on generic responses without addressing the specific circumstances of his case. The district court's dismissal of these claims was erroneous, as procedural due process requires that agencies consider all relevant evidence before making a decision. The lower court also erred when it did not consider the fact that USCIS denied appellant's I-539 applications mainly because he had filed an application for adjustment of status, which USCIS considered as evidence of his immigration intent. *See 1-ER-3-16*.

This Court should reverse the lower court's decision.

## JURISDICTIONAL STATEMENT

Daniel Gomes Ferreira filed a lawsuit against Alejandro Mayorkas, Secretary of the Department of Homeland Security, and other officials in the U.S. District Court for the Northern District of California, alleging claims under the Administrative Procedure Act (APA), 5 U.S.C. § 702, and procedural due process under the Fifth Amendment to the U.S. Constitution. The district court had original jurisdiction over the federal claims under 28 U.S.C. § 1331. The district court granted Defendants' motion for summary judgment and entered a final judgment on February 18, 2025. Ferreira filed a timely notice of appeal on February 18, 2025. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATUTORY AND CONSTITUTIONAL AUTHORITIES

All relevant statutory and constitutional authorities are set out in the Addendum attached to this brief.

## STATEMENT OF THE ISSUES PRESENTED

1.  Whether the district court erred in granting summary judgment by failing to properly apply the "arbitrary and capricious" standard under the APA.

2.  Whether the district court erred in dismissing Mr. Ferreira's procedural due process claims without considering the specific evidence and arguments presented.

3.  Whether Ferreira should at least be given leave to amend to cure any

defects in the foregoing claims.

## STATEMENT OF THE CASE

**A. Daniel Gomes Ferreira is a Brazilian national seeking lawful permanent residency in the United States.**

Daniel Gomes Ferreira, a Brazilian citizen, entered the United States on a B-2 visa for pleasure on September 19, 2017, and was authorized to stay in the U.S. until March 18, 2018. On March 7, 2018, Plaintiff timely filed an I-539 application for extension of his B-2 status, so he could finish his travel plans here in the U.S. before returning to his home country, Brazil. Then on September 11, 2018, Mr. Gomes Ferreira married his spouse, Mrs. Katia Sandra de Pinho Lorenzo. As a result, Mr. Gomes Ferreira timely filed a second, I-539 application for extension of B-2 status, so he and his spouse could spend their honeymoon here in the U.S. before returning to Brazil.

Mr. Ferreira has since sought to adjust his status to that of a lawful permanent resident under the EB-2 National Interest Waiver category. Ferreira's journey has been marked by diligent efforts to comply with U.S. immigration laws while pursuing opportunities for himself and his family.

On March 4, 2019, Mr. Ferreira filed an I-140 Petition for Immigrant Worker and an I-485 Application for Adjustment of Status. Despite meeting the eligibility criteria, USCIS issued a Notice of Intent to Deny (NOID) on July 23, 2019,

questioning the temporariness of his stay and his foreign residence. Ferreira's applications for extension of status were also denied, leading to further complications in his immigration status.

## B. USCIS's denial of Ferreira's applications is inconsistent with its treatment of similar cases.

USCIS's decision to deny Mr. Ferreira's applications stands in contrast to its handling of similar cases where applicants with approved I-140 petitions under the EB-2 category have been granted adjustments of status. Mr. Ferreira's case shows discrepancies in the agency's application of immigration laws and regulations, which have resulted in undue hardship for him and his family.

## C. Ferreira seeks judicial review, alleging arbitrary and capricious actions by USCIS.

Mr. Ferreira filed a lawsuit in the U.S. District Court for the District of Columbia and was later transferred to the U.S. District Court for the Northern District of California, seeking declaratory relief and review of USCIS's actions under the Administrative Procedure Act (APA). He argued that the agency's decisions were arbitrary, capricious, and not in accordance with the law, as they failed to consider the evidence he presented and relied on generic responses.

**D. The district court grants summary judgment for Defendants, dismissing Ferreira's claims.**

The district court granted summary judgment in favor of the Defendants, concluding that USCIS's actions were not arbitrary or capricious and that Mr. Ferreira's procedural due process claims were not adequately pled. The court's decision did not address the substantive evidence presented by Ferreira. *See 1-ER-3-16.*

This Appeal follows.

<u>**SUMMARY OF THE ARGUMENTS**</u>

When considering material disputed facts on summary judgment, a court is required to accept the version of facts most favorable to the non-moving party. *A. K. H.* by & through *Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016). But the district court here consistently and repeatedly accepted only the version of facts most favorable to Defendants. Because Daniel Gomes Ferreira alleged both that USCIS's decisions were arbitrary and capricious under the Administrative Procedure Act (APA) and that the agency failed to provide a meaningful opportunity to be heard, Ferreira pleaded more than enough facts to support his claims under the APA and procedural due process.

First, this Court should reverse the district court's decision regarding Ferreira's APA claims. Contrary to the district court's ruling, Mr. Ferreira alleged

that USCIS's denial of his applications was based on generic, boilerplate responses that did not consider the specific evidence he provided. The agency's failure to adequately review his case and provide a reasonable explanation for its decisions constitutes arbitrary and capricious action under the APA.

Additionally, the district court failed to consider that Mr. Ferreira's intent at the time he filed his Form I-539 was consistent with lawful nonimmigrant status. His subsequent filing for adjustment of status under INA § 245 did not, in itself, constitute a violation of that status. The denial of the I-539—issued only after the I-485 had been filed—was the actual intervening factor that precluded timely adjustment under 8 USC 1255(k). The agency's conclusion that he was out of status was therefore both factually and legally flawed.

Second, this Court should also restore Mr. Ferreira's procedural due process claims. A plaintiff is not required at the pleadings stage to provide exhaustive evidence of procedural violations. All that is required is a plausible claim that the agency's actions deprived him of a fair process, which Mr. Ferreira put forth by alleging that USCIS did not consider relevant evidence or provide adequate explanations for its decisions.

Finally, if this Court concludes that the complaint is defective in alleging any of its claims, it should at least reverse and remand to permit Mr. Ferreira the opportunity to amend his complaint to cure any defects.

## STANDARD OF REVIEW

An appellate court reviews the district court's grant of summary judgment de novo to determine whether there is any genuine issue of material fact and whether the substantive law was correctly applied. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). In reviewing a summary judgment ruling, this Court assumes the version of the material facts asserted by the non-moving party to be correct. *A. K. H.,* 837 F.3d at 1010.

To defeat the motion for summary judgment, the responding party must present admissible evidence sufficient to establish any of the elements that are essential to the moving party's case and for which that party will bear the burden of proof at trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Taylor v. List,* 880 F. 2d 1040, 1045 (9th Cir. 1989). The Court may grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show the movant is entitled to summary judgment and if the responding party fails to properly address the moving party's assertion of fact as required by Rule 56(c). *See* Fed. R. Civ. P. 56(e).

8

## **ARGUMENTS**

### I.  **THE DISTRICT COURT ERRED BY ACCEPTING DEFENDANTS' VERSION OF THE FACT S AS TRUE**

#### A.  **The APA prohibits agency actions that are arbitrary, capricious, abuse of discretion, or otherwise not in accordance with the law.**

By clearly established law, a court deciding a motion for summary judgment is required to consider all disputed facts in the light most favorable to the nonmoving party. *See A. K. H.*, 837 F.3d at 1010; *Harris v. Roderick*, 126 F.3d 1189, 1192 (9th Cir. 1997) ("We state the facts, as we must on this appeal, as they are set forth in [the operative] Complaint."). The district court failed to adhere to this rule. Instead, the court applied only the version of material disputed facts most favorable to Defendants. The district court failed to adhere to this rule. Instead, the court applied only the version of material disputed facts most favorable to Defendants. *See 1-ER-3-16.*

However, the nonmoving party cannot point to mere allegations or denials contained in the pleadings. It is not enough for the non-moving party to produce a mere "scintilla" of evidence. *Celotex Corp.*, at 252. Instead, the responding party must set forth, by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual issue for trial. *See KRL v. Moore*, 384 F. 3d 1105, 1110 (9th Cir. 2004). Mr. Ferreira provided supporting evidence,

9

including his I-539 applications, responses to NOIDs, and employment documentation. *2-ER-51-54.*

The APA mandates that agency decisions must be set aside if they are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A). An agency action is arbitrary and capricious if the agency fails to consider important aspects of the issue, offers explanations contrary to the evidence, or is implausible. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). In *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008), the court emphasized that an agency must "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."

Similarly, in *Oregon Natural Resources Council v. Lowe*, 109 F.3d 521, 526 (9th Cir. 1997), the court held that an agency's decision is arbitrary and capricious if it "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation for its decision that runs counter to the evidence before the agency."

Mr. Ferreira alleged that USCIS's denial of his applications was based on generic, boilerplate responses that did not consider the specific evidence he provided, such as his ties to his home country and his lack of intent to immigrate permanently at the time of his visa application. This failure to adequately review

10

his case and provide a reasonable explanation for its decisions constitutes arbitrary and capricious action under the APA. *2-ER-19-31*.

The APA mandates that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Courts have held that "[w]here an agency has failed to act within a reasonable time, a reviewing court may compel agency action unlawfully withheld or unreasonably delayed." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984).

In Mr. Ferreira's case, USCIS's failure to timely adjudicate his extensions created a procedural trap: by delaying the decisions beyond the time when he filed his I-485 application, the agency denied his extension of stay application on the grounds that he harbored an immigrant intent—an issue that would not have arisen had the extension requests been timely approved. In other words, the delay manufactured a basis for denial that would not otherwise exist. *See 2-ER-32-37*.

This undue delay not only frustrated the statutory framework established by Congress for lawful status maintenance and adjustment of status, but it also undermined the principles of fairness and due process. The denial was not the result of Mr. Ferreira's conduct, but rather the agency's own inaction. As such, the agency's conduct was arbitrary, capricious, and contrary to law under 5 U.S.C. §

11

706(2)(A), and this Court should find that USCIS violated its duty to act within a reasonable time.

Mr. Ferreira has more than sufficiently alleged a prima facie case under the APA for arbitrary and capricious action. He demonstrated that USCIS failed to consider relevant evidence and relied on generic responses without addressing the specific circumstances of his case. This is enough to establish a "cognizable legal theory or sufficient facts to support a cognizable legal theory" to defeat the motion for summary judgment. *See Hartmann v. Cal. Dep't of Corr. and Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).

### B.    The Court does have jurisdiction over the denial of this I-485.

The lower court agreed with the defendants on the lack of jurisdiction citing Patel. *See ER-3–17.* However, the appellant is not arguing the jurisdiction of the court on the discretionary portion of the I-485 decision.

The Ninth Circuit concluded that 8 U.S.C. § 1252(a)(2)(B)(i) does not strip federal district courts of jurisdiction to hear collateral challenges to generally applicable policies and procedures. (*Nagendra Nakka* v. *USCIS*, No. 22-35203 (9th Cir. 2024).

Here, the appellant is arguing that USCIS denied the I-485 due to a fact created by the agency itself, in violation of the agency's own precedents. As USCIS

denied the I-485 on the grounds of failure to maintain nonimmigrant status prior to the filing of the application for adjustment of status (INA Section 245(k)), not considering that such "failure to maintain lawful nonimmigrant status" occurred because of the agency's wrongful denial of the I-539 which, if approved, would have given the appellant lawful nonimmigrant status at the time of the filing of the I-485 and, as such, the I-485 could not have been denied for the reason it was denied. It is important to note that the alleged "failure to maintain nonimmigrant status prior to the filing of the I-485" was the only basis for its denial. *See 2-ER-32-37 and 2-ER-19-31.*

Thus, *Patel v. Garland,* 596 U.S. 328 (2022) should not be a relevant precedent in this particular case, and the lower court erred by applying it here. *See 1-ER-11.*

Most employment-based I-485s are distinct from the issues in *Patel.* In *Patel*, Mr. Patel applied for adjustment of status while in removal proceedings for entering without inspection, an immigration procedure that is vastly different from employment-based adjustment of status and involves completely different statutory language. He was denied adjustment status in removal proceedings because, among other things, he had made a false claim to citizenship, and Mr. Patel was ordered to be removed from the United States. Most employment-based I-485 denials do not involve a false claim to citizenship nor do

13

they involve removal proceedings, therefore most of these denials are vastly different than what was intended in *Patel*.

Additionally, the holding in *Patel* states specifically: "federal courts lack jurisdiction to review *facts* found as part of discretionary-relief proceedings under §1255 and the other provisions enumerated in §1252(a)(2)(B)(i).". If the denial of an I-485, especially after an I-290B, involves arguably legal errors, not factual, *Patel* does not apply and that the court involved in the litigation should have jurisdiction to hear the case.

The main focus of this litigation should have been collateral challenges to generally applicable policies and procedures, more specifically the wrongful denial of the I-539s (as discussed below) which would have changed everything on this case.

### C. USCIS cannot prevail over the pleadings based on the defense of procedural regularity.

Having pled a prima facie case, the only way for USCIS to prevail on the pleadings would be if it is undisputed "on the face of the complaint" that their actions were procedurally regular. However, Ferreira's complaint clearly alleges that USCIS's actions were not only procedurally deficient but also substantively flawed. The agency's failure to provide a meaningful review of his case and reliance on boilerplate decisions without considering specific evidence precludes

14

a ruling on the pleadings that no procedural irregularity occurred. *See 2-ER-32-37 and 2-ER-19-31.*

USCIS's decision-making process was marred by procedural deficiencies. The agency took an unreasonable amount of time to make a decision on Mr. Ferreira's requests for extension, only doing so after he had filed his I-485 application for adjustment of status. This delay is not only unjustifiable but also prejudicial, as it created a basis for USCIS to deny his I-539 application on the grounds of intent to immigrate. The Ninth Circuit has recognized that unreasonable delays in agency decision-making can constitute arbitrary and capricious action. In *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997), the court held that an agency's delay in processing applications can be deemed unreasonable and arbitrary, particularly when it affects the applicant's rights and interests.

### D. Filing for adjustment of status does not constitute a violation of nonimmigrant status.

Although Mr. Ferreira filed an application for adjustment of status under section 245 of the INA, this intent alone does not constitute a failure to maintain lawful nonimmigrant status. As established in *Matter of Hosseinpour*, 15 I&N Dec. 191 (BIA 1975) the court ruled that, "filing for adjustment of status is not necessarily inconsistent with lawful nonimmigrant status." Likewise, in 64 Fed.

15

Reg. 29208, 29209 (June 1, 1999)[1], the INS acknowledged: "So long as the alien clearly intends to comply with the requirements of his or her nonimmigrant status, the fact that the alien would like to become a permanent resident, if the law permits this, does not bar the alien's continued holding of a nonimmigrant status."

These authorities make clear that the pursuit of permanent residence—by itself—does not violate a nonimmigrant's lawful status. Mr. Ferreira's actions were consistent with maintaining his lawful nonimmigrant status, and his intent to adjust status should not be construed otherwise.

Moreover, in *Matter of Gallares*, 14 IN Dec. 250 (BIA 1972), the Board clarified that the mere act of applying for adjustment of status under section 245 does not itself trigger a status violation under former section 241(a)(9) of the Act. It is only when the respondent's authorized stay has expired, and no timely extension has been requested or granted, that a violation under section 241(a)(2) (now section 237(a)(1)(C)(i)) is established.

In Mr. Ferreira's case, it was not his pursuit of adjustment that led to the alleged status violation, but rather the denial of his Form I-539 application to extend his nonimmigrant status. At the time he filed the I-539, Mr. Ferreira's intent remained consistent with that of a nonimmigrant, as he sought to lawfully continue his stay under the terms of his existing status. Notably, the Form I-539

---

[1] https://www.govinfo.gov/content/pkg/FR-1999-06-01/pdf/99-13759.pdf

16

was not denied until after the Form I-485 adjustment application had been filed, more than a year later. Had the I-539 been approved even retroactively, the Form I-485 would have been filed while Mr. Ferreira remained in a period of authorized stay, and his application would have been eligible to proceed under Section 245(k) of the INA. Thus, it was the denial of the I-539—not any preconceived or impermissible immigrant intent—that constituted the intervening factor leading to the agency's conclusion that he had fallen out of status.

In dismissing Mr. Ferreira's claims under the APA, the district court failed to recognize the agency's procedural and substantive deficiencies. The court's decision overlooked the specific evidence and arguments presented by Ferreira, which demonstrated that USCIS's actions were arbitrary and capricious. *See 2-ER-32-37 and 2-ER-19-31.* This Court should reverse or remand*. See 1-ER-17.*

Furthermore, nowhere in the judgement is there any indication that the lower court considered the fact that the filing of the adjustment of status application (I-485) was the reason for the denial of the applications for extension of status (I-539), which, as explained above, runs contrary to established precedents.

Accordingly, this Court should reverse the district court's decision or, alternatively, remand the case for further proceedings to address the merits of Mr. Ferreira's claims. Remand is warranted to ensure that the agency's decision is

17

subject to appropriate judicial review under the APA and consistent with long-standing immigration jurisprudence.

## II. THIS COURT SHOULD RESTORE FERREIRA'S PROCEDURAL DUE PROCESS CLAIMS UNDER THE FIFTH AMENDMENT.

### A. Mr. Ferreira pleads a procedural due process claim where he alleges that a government action deprives him of a constitutionally protected interest without adequate procedural safeguards.

The APA mandates that agency decisions must be set aside if they are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A). An agency action is arbitrary and capricious if the agency fails to consider important aspects of the issue, offers explanations contrary to the evidence, or is implausible. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). In *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008), the court emphasized that an agency must "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Similarly, in *Oregon Natural Resources Council v. Lowe*, 109 F.3d 521, 526 (9th Cir. 1997), the court held that an agency's decision is arbitrary and capricious if it "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation for its decision that runs counter to the evidence before the agency."

18

Mr. Ferreira alleged that USCIS's denial of his applications was based on generic, boilerplate responses that did not consider the specific evidence he provided, such as his ties to his home country and his lack of intent to immigrate permanently at the time of his visa application but instead considered the fact that an application for adjustment of status had been filed. *See ER-42-50 and ER-32-37.* This failure to adequately review his case, apply the correct standard of proof and relevant case law, and provide a reasonable explanation for its decisions constitutes arbitrary and capricious action under the APA.

The APA mandates that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Courts have held that "[w]here an agency has failed to act within a reasonable time, a reviewing court may compel agency action unlawfully withheld or unreasonably delayed." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984).

In Mr. Ferreira's case, USCIS's failure to timely adjudicate his extensions created a procedural trap: by delaying the decisions beyond the time when he filed his I-485 application, the agency denied his adjustment application on the grounds that he failed to maintain nonimmigrant status prior to the filing of the I-485 and denied his application for extension of nonimmigrant status because he harbored

19

an immigrant intent by having filed the I-485—an issue that would not have arisen had the extension requests been timely approved. In other words, the delay manufactured a basis for denial that would not otherwise exist.

This undue delay not only frustrated the statutory framework established by Congress for lawful status maintenance and adjustment of status, but it also undermined the principles of fairness and due process. The denial was not the result of Mr. Ferreira's conduct, but rather the agency's own inaction. As such, the agency's conduct was arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A), and this Court should find that USCIS violated its duty to act within a reasonable time.

Mr. Ferreira has more than sufficiently alleged a prima facie case under the APA for arbitrary and capricious action. He demonstrated that USCIS failed to consider relevant evidence and relied on generic responses without addressing the specific circumstances of his case. This is enough to establish a "cognizable legal theory or sufficient facts to support a cognizable legal theory" to defeat the motion for summary judgment. *See Hartmann v. Cal. Dep't of Corr. and Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).

## III.    IN THE ALTERNATIVE, THIS COURT SHOULD REVERSE AND REMAND TO ALLOW MR. FERREIRA TO AMEND

Rule 15(a) "provides that a trial court shall grant leave to amend when justice so requires, [and t]he Supreme Court has stated that this mandate is to be heeded." *Lopez*, 203 F.3d at 1130 (internal quotation marks omitted.) What's more, where the complaint can "be saved by any amendment," leave to amend should be granted. *Polich*, 942 F.2d at 1472; *see* also *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (emphasizing leave should be given with "extreme liberality").

In light of this liberal standard, were this Court to disagree with Mr. Ferreira and decide that his allegations are insufficient to state his claims under the Administrative Procedure Act (APA) or procedural due process, he asks to be afforded leave to amend. Mr. Ferreira's complaint can be saved by amendment, as additional factual details could further clarify his claims and address any perceived deficiencies.

For example, an amendment could include: (1) more detailed allegations regarding the specific evidence Mr. Ferreira presented to USCIS and how it was disregarded; (2) facts about the unreasonable delay by USCIS in processing his extension requests and the impact of this delay on his I-539 application; (3) additional context regarding the procedural deficiencies in USCIS's decision-making process; (4) further examples of similar cases where USCIS acted differently,

21

highlighting inconsistencies in their actions; or (5) additional remedies or parties that may be relevant to his claims.

Mr. Ferreira believes that none of these amendments should be necessary, as his current allegations are sufficient to state a claim. However, if this Court disagrees, he stands ready to amend his complaint to cure any defects and ensure that his claims are fully and fairly considered.

## **CONCLUSION**

Based on the foregoing analyses and citations to authority, This Court should reverse the district court's grant of summary judgment against Daniel Gomes Ferreira and remand for the case for further proceedings to address the merits of Mr. Ferreira's claims because he has adequately alleged that USCIS's arbitrary and capricious denial of his applications, without proper consideration of the evidence and procedural due process, gives rise to claims under the Administrative Procedure Act and the Fifth Amendment.

In the alternative, and to the extent further allegations are needed to cure any defect, this Court should reverse and remand to the district court to allow Ferreira to file a First Amended Complaint.

RESPECTFULLY submitted on May 14, 2025.


     s/Marcelo Gondim

Marcelo Gondim (SBN. 271302)
1880 Century Park East, Ste.400
Los Angeles, CA 90067
Phone No.: (323) 282-7770
Email:court@gondim-law.com
*Attorney for Appellant*

## STATEMENT OF RELATED CASES

**9th Cir. Case Number(s)**: <u>**25-1970**</u>

The undersigned attorney or self-represented party states the following:

[X] I am unaware of any related cases currently pending in this court.

[X]    I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature**: <u>s/ Marcelo Gondim</u>                    **Date:**  <u>**May 14, 2025**</u>

24

## STATEMENT OF COMPLIANCE

**9th Cir. Case Number(s)**: <u>**25-1970**</u>

I am the attorney on behalf of the Appellants mentioned above.

**This brief contains <u>5,775</u> words,** excluding the items exempted by Fed. R. App. P. 32(f).

The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief:

    [**X**] complies with the word limit of Cir. R. 32-1.

    [ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

    [ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

    [ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

    [ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
        [ ] it is a joint brief submitted by separately represented parties;
        [ ] a party or parties are filing a single brief in response to multiple briefs; or
        [ ] a party or parties are filing a single brief in response to a longer joint brief.

    [ ] complies with the length limit designated by court order dated _____.

    [ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Marcelo Gondim          **Date:** May 14, 2025

## CERTIFICATE OF SERVICE

**9th Cir. Case Number(s) <u>25-1970</u>**

I hereby certify that on May 14, 2025, I electronically filed the foregoing

Appellant's Opening Brief with the Clerk of the Court for the United States Court

of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case are registered CM/ECF users, and service will be

accomplished by the appellate CM/ECF system.

**By:** <u>/s/ Marcelo Gondim</u>

**Date** May 14, 2025