No. 25-1970

---

## *UNITED STATES COURT OF APPEALS*

FOR THE NINTH CIRCUIT

---

### DANIEL GOMES FERREIRA

*Plaintiff-Appellant,*

-v.-

KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY; KIKA SCOTT, ACTING DIRECTOR,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES; AND
CONNIE NOLAN, ASSOCIATE DIRECTOR OF THE SERVICE
CENTER OPERATIONS DIRECTORATE

*Defendants-Appellees.*

On Appeal of the United States District for
The Northern District of California
No. 4:24-CV-01820
Hon. Donna M. Ryu,

---

### EXCERPTS OF RECORD VOLUME 2 - REDACTED

---

Marcelo Gondim
Gondim Law Corp
1880 Century Park East
Suite 400 Los Angeles, CA
90067 Ph: (323) 282-7770
court@gondim-law.com
*Attorney for Appellant*

2 ER 19

# EXHIBIT 3

Decision I-290B - IOE0915248822

April 29, 2022



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002

U.S. Citizenship
and Immigration
Services

MARCELO GONDIM
GONDIM LAW CORP
650 TOWN CENTER DR STE 930
COSTA MESA, CA 92626



IOE0915248822

RE: DANIEL GOMES FERREIRA
I-290B, Notice of Appeal or Motion



A219-142-731

## DECISION

On March 4, 2019, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to Section 245 of the Immigration and Nationality Act. On September 22, 2020, U.S. Citizenship and Immigration Services (USCIS) denied the Form I-485.

On May 27, 2021, USCIS received a motion to reopen and reconsider, IOE0912601335, pursuant to Title 8, Code of Federal Regulations (CFR), §103.5(a). On July 30, 2021, USCIS denied the Form I-290B.

On September 27, 2021, USCIS received another motion to reopen and reconsider, IOE0913980420, pursuant to Title 8, Code of Federal Regulations (CFR), §103.5(a). On November 9, 2021, USCIS denied the Form I-290B.

On February 4, 2022, USCIS received a subsequent Form I-290B, IOE0915248822, filed pursuant to Title 8, Code of Federal Regulations (CFR), §103.5(a). On the subsequent Form I-290B, you checked box 1.f., "I am filing a motion to reopen and a motion to reconsider" in order to persuade USCIS to vacate the decision to deny the previously filed Form I-290B. However, there is no provision of law that affords motion rights to a denied Form I-290B.

Additionally, Title 8, Code of Federal Regulations (CFR), §103.5(a), states that motion must be filed within 33 days of the adverse decision that the motion seeks to reopen. The time allowed in which to file a motion to reopen or reconsider the decision on your denied Form I-485, LIN1990305231, has already expired.

Therefore, it is hereby ordered that the present Form I-290B is dismissed. This decision is without prejudice to future applications filed with the appropriate USCIS office.

Sincerely,

Terri A. Robinson
Director
Officer: LA0856



**Attachment**
**(Applicable Law/Regulations)**

8 CFR § 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases

(1) When filed by affected party—(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner. (ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations. (iii) Filing Requirements. A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:(A) In writing and signed by the affected party or the attorney or representative of record, if any;(B) Accompanied by a nonrefundable fee as set forth in 8 CFR 106.2;(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;(D) Addressed to the official having jurisdiction; and(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:(i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period, or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

# EXHIBIT 4

Decision - I-290B -  IOE0913980420

November 9, 2021



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002



U.S. Citizenship
and Immigration
Services

MARCELO GONDIM
GONDIM LAW CORP
650 TOWN CENTER DR STE 930
COSTA MESA, CA 92626

IOE0913980420



RE: DANIEL GOMES FERREIRA
I-290B, Notice of Appeal or Motion

A219-142-731

## <u>DECISION</u>

On March 4, 2019, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to Section 245 of the Immigration and Nationality Act. On September 22, 2020, U.S. Citizenship and Immigration Services (USCIS) denied the Form I-485.

On September 27, 2021, USCIS received a motion to reopen and reconsider pursuant to Title 8, Code of Federal Regulations (CFR), §103.5(a).
Title 8, CFR, §103.5(a), states that motions must:

1. Be filed within 33 days of the adverse decision that the motion seeks to reopen;
2. Present new facts to be considered in the proceedings;
3. Present the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy; and
4. Be signed by the affected party (person with legal standing in the proceedings).

USCIS denied your Form I-485 for the following reason:

- The record shows that the aggregate period in which you failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k).

USCIS is unable to approve your motion for the following reason(s):

Title 8, CFR, §103.5(a)(1)(i) states in pertinent part:

> Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

Title 8, CFR, §103.5A states in pertinent part:

> (b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

The motion was not submitted within the required 33 days. Further, the delay in filing has not been found to be reasonable and beyond your control. Therefore, it has been determined that the motion was not submitted timely.

It is hereby ordered that the motion to reopen and reconsider be dismissed. The decision of September 22, 2020 is affirmed. This decision is without prejudice to future applications filed with the appropriate USCIS office.

Sincerely,

Terri A. Robinson
Director
Officer: LA0856

## Attachment
## (Applicable Law/Regulations)

8 CFR § 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases

(1) When filed by affected party –(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner. (ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations. (iii) Filing Requirements. A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:(A) In writing and signed by the affected party or the attorney or representative of record, if any;(B) Accompanied by a nonrefundable fee as set forth in 8 CFR 106.2;(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;(D) Addressed to the official having jurisdiction; and(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:(i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.



# EXHIBIT 5

Decision - I-290B - IOE0912601335

July 30, 2021



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002

**U.S. Citizenship
and Immigration
Services**

MARCELO GONDIM
Gondim Law Corp
650 TOWN CENTER DRIVE STE. 855
COSTA MESA, CA 92626
USA



IOE0912601335

RE: DANIEL FERREIRA
I-290B, Notice of Appeal or Motion



A219-142-731

## DECISION

On March 4, 2019, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to Section 245 of the Immigration and Nationality Act. On September 22, 2020, U.S. Citizenship and Immigration Services (USCIS) denied the Form I-485.

On May 27, 2021, USCIS received a motion to reopen and reconsider pursuant to Title 8, Code of Federal Regulations (CFR), §103.5(a).
Title 8, CFR, §103.5(a), states that motions must:

1. Be filed within 33 days of the adverse decision that the motion seeks to reopen;
2. Present new facts to be considered in the proceedings;
3. Present the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy; and
4. Be signed by the affected party (person with legal standing in the proceedings).

USCIS denied your Form I-485 for the following reason:

The record shows that the aggregate period in which you failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k).

USCIS is unable to approve your motion for the following reason(s):

Title 8, CFR, §103.5(a)(1)(i) states in pertinent part:

Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

Title 8, CFR, §103.5A states in pertinent part:



ACTION COMPLETED
APPROVED FOR FILING
Initials:
FCO Unit
NBC    Date: 08/10/21

2-ER-29

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

The motion was not submitted within the required 33 days. Further, the delay in filing has not been found to be reasonable and beyond your control. Therefore, it has been determined that the motion was not submitted timely.

The evidence you submitted with this motion does not overcome the reason(s) for the denial of your application or petition.

The motion submitted does not meet the requirements of a motion to reopen, nor of a motion to reconsider.

It is hereby ordered that the motion to reopen and reconsider be dismissed. The decision of September 22, 2020 is affirmed.

This decision is without prejudice to future applications filed with the appropriate USCIS office.

Sincerely,

Terri A. Robinson
Director
Officer: LA0921

## Attachment
## (Applicable Law/Regulations)

8 CFR § 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases

(1) When filed by affected party --(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner. (ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations. (iii) Filing Requirements. A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:(A) In writing and signed by the affected party or the attorney or representative of record, if any;(B) Accompanied by a nonrefundable fee as set forth in 8 CFR 106.2;(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;(D) Addressed to the official having jurisdiction; and(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:(i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

# EXHIBIT 6

Decision I-485 - LIN1990305231

September 22, 2020

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225



**U.S. Citizenship
and Immigration
Services**



LIN1990305231



A219-142-731

MARCELO GONDIM
650 TOWN CENTER DRIVE STE 855
COSTA MESA, CA 92626

RE: DANIEL GOMES FERREIRA
I-485, Application to Register Permanent Residence or Adjust
Status

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status filed on March 4, 2019, in accordance with Section 245 of the Immigration and Nationality Act (Section 245 of the INA).

You must establish that you satisfied each adjudicative element to establish eligibility for the requested benefit. If there are any issues for which you do not overcome, then each issue forms a separate basis for the denial. In this case, the following issues independently form the basis for this denial and will be discussed in this notice:

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states, in pertinent part:

(c) Other than an alien having an approved petition for classification as a VAWA self-petitioner, subsection (a) shall not be applicable to…

(2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H) , (I) , (J) , or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; …

(7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and

is not in a lawful nonimmigrant status; or

Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part:

Restricted Aliens. ... (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States ...

(9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

INA 245(k) permits the adjustment of certain lawfully admitted Employment-Based applicants despite limited violations under INA 245(c)(2), (7) or (8). The full provisions of INA 245(k) are as follows:

(k) An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--

(1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

(2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--

(A) failed to maintain, continuously, a lawful status;

(B) engaged in unauthorized employment; or

(C) otherwise violated the terms and conditions of the alien's admission.

For INA 245(k) adjustment purposes, lapses or violations of lawful status are counted from the time of the applicant's last admission until filing for adjustment of status. Any unauthorized employment is counted from the time of last admission until alien adjusts, as clarified in chapter 23.5(d) of the Adjudicator's Field Manual (AFM):

(4) Counting against the 180 days timeframe...

(A) General Guidelines. If the adjudicator determines that an employment-based adjustment of status applicant... is subject to any of the bars to adjustment of status set forth in Sections 245(c)(2), (c)(7), or (c)(8), then the adjudicator must determine whether the aggregate period in which the alien failed to continuously maintain lawful status, worked without authorization, or otherwise violated the terms and conditions of the alien's admission since the date of alien's last lawful admission to the United States is 180 days or less... An alien may be subject to more than one bar or violation described in section 245(k)(2) at the same time... each day in which one or more of these violations existed must be counted as one day...

(C) Failed to Maintain a Lawful Status and/or Violated the Terms of a Nonimmigrant Visa.

(1) General. …for purposes of the 180-day counting period, calculation of the number of days for failing to maintain status or violating a nonimmigrant visa will stop as of the date USCIS receives a properly filed adjustment of status application.

A review of your application or USCIS records shows that after your last admission on September 19, 2017, you failed to maintain, continuously, a lawful status or otherwise violated the terms and conditions of your admission. Specifically, a 350 day lapse from March 19, 2018 to March 04, 2019.

In correspondence from this office dated May 13, 2020, you were requested to submit evidence of all lawful status or employment authorization granted to you from September 19, 2017 until March 04, 2019.

In response, you submitted the following:

- A letter dated July 20, 2020 from Marcelo Gondim, Attorney at Law.
- Photocopy of I-539 Application to Extend/Change Status Nonimmigrant Status Receipt Notice WAC1890174417 on March 07, 2018.
- Photocopy of Notice of Intent to Deny for I-539 Application to Extend/Change Status Nonimmigrant Status WAC1890174417 dated July 23, 2019.
- Letter dated August 27, 2019 response to Intent Intent to Deny Form I-539 Application to Extend/Change Status Nonimmigrant Status from Marcelo Gondim, Attorney at Law.
- Letter dated August 01, 2019 from Erika Sakai, CEO of Sakai Engenharia, confirming job offer made in 2018.
- Photocopy of Form I-539 Application to Extend/Change Status Nonimmigrant Status Receipt Notice WAC1890174417 Denial Decision dated November 26, 2019.
- Photocopy of I-539 Application to Extend/Change Status Nonimmigrant Status Receipt Notice WAC1890395048 on September 18, 2018.
- Photocopy of Notice of Intent to Deny for I-539 Application to Extend/Change Status Nonimmigrant Status WAC1890395048 dated July 23, 2019.
- Letter dated August 27, 2019 response to Intent to Deny Form I-539 Application to Extend/Change Status Nonimmigrant Status WAC 1890395048 from Marcelo Gondim, Attorney at Law.
- Photocopy of Form I-539 Application to Extend/Change Status Nonimmigrant Status Receipt Notice WAC1890395048 Denial Decision dated November 26, 2019.
- Report of Medical Examination and Vaccination Record Form I-693 dated 02/22/2020.

The denials of Forms I-539 Application to Extend/Change Status Nonimmigrant Status receipts WAC1890174417 and WAC1890395048 resulted in a 350 day lapse in your lawful status.

USCIS has thoroughly reviewed the evidence of record, including your response. The record shows that the aggregate period in which you failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k).

USCIS further reviewed your application to determine whether you are eligible to overcome the above restrictions and adjust under INA 245(i). To be eligible under INA 245(i), an applicant must be the beneficiary of a qualifying immigrant visa petition (or labor certification) filed on or before April 30, 2001. The record fails to show you are such an alien or that you are a grandfathered alien eligible to apply under

INA 245(i) through a prior immigrant visa petition (or labor certification) properly filed on or before April 30, 2001. As such, you remain an alien restricted from adjusting as described under INA 245(c)(2), (7) or (8) and this application may not be approved.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

After a review of the application and all of the supporting evidence, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny Form I-485.

Since this Form I-485 has been denied, the condition upon which your Employment Authorization document and/or Advance Parole document was based, no longer exists. Therefore, USCIS has determined that any pending Application for Employment Authorization, Form I-765, and/or Application for Travel Document, Form I-131, related to the Form I-485 are also denied.

Any unexpired Employment Authorization document based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision shall be final and no appeal shall lie from the decision to revoke the authorization. Any unexpired Advance Parole document based upon this Form I-485 is terminated as of the date of this notice pursuant to 8 CFR 212.5(e)(2)(i). Any unexpired Employment Authorization document and/or Advance Parole document based upon this Form I-485 should be returned to the local USCIS office.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired.

You are not authorized to remain in the United States. If you do not intend to file a motion or appeal on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the Immigration Court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9)(B) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see ( https://i94.cbp.dhs.gov/I94/#/home).

There is no appeal from this decision. You may file a motion to reopen or reconsider. Your motion to reopen or reconsider must be filed on Form I-290B, Notice of Appeal or Motion, within 30 days of the date of this notice (33 days if this notice is received by mail). To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov. For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact.center.

Sincerely,

Terri A. Robinson
Director
Officer: OA-1044

# EXHIBIT 7

Request for Evidence I-485 - LIN1990305231

May 13, 2020

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225



**U.S. Citizenship**
**and Immigration**
**Services**

MARCELO GONDIM
650 TOWN CENTER DRIVE STE 855
COSTA MESA, CA 92626



LIN1990305231

RE:DANIEL GOMES FERREIRA
I-485, Application to Register Permanent Residence or Adjust
Status



A219-142-731

## <u>REQUEST FOR EVIDENCE (FORM I-485)</u>

Dear DANIEL FERREIRA:

### <u>Why We Are Writing You</u>

On March 4, 2019, you submitted your I-485. We are writing to inform you that we need more information from you to make a decision on your case. Please read this letter carefully and follow all of the instructions below.

### <u>What You Need To Do</u>

You must provide the following information in order for us to make a final decision on your case.

- Submit evidence to establish that you maintained your nonimmigrant status in the United States since your last lawful admission into the U.S. on September 19, 2017, until the date you filed your Form I-485 on March 4, 2019.  This evidence may include the following:
  - A photocopy of Approval Notices (Form I-797) for all extension and change of status;
  - A photocopy of the Certificate of Eligibility for Nonimmigrant (F-1) Student Status-For Academic and Language Students or Form I-20M-N, Certificate of Eligibility for Nonimmigrant (M-1) Student Status for Vocational Students (Form I-20) or Certificate of Eligibility for Exchange Visitor Status (Form DS-2016, formerly IAP 66) school records (front and back, including all school annotations); or
  - A photocopy (front and back) of your Arrival/ Departure Record (Form I-94).

- Submit a complete Form I-693, Report of Medical Examination and Vaccination Record, completed by a USCIS Civil Surgeon.  We will NOT accept photocopied medical exam results.  You must submit the original form and any original supplement completed by the Civil Surgeon to us.  You and the Civil Surgeon must sign the form, and it must be sent to us in a sealed envelope from the Civil

**2 ER 39**

Surgeon. If the Civil Surgeon refers you to a specialist, the exam by the specialist must be included, and the specialist must complete the proper sections of the Form I-693. Please note civil surgeons must use the current Edition of Form I-693. You can find the current edition of Form I-693 on USCIS's website at www.uscis.gov. In addition, the civil surgeon must ensure that all parts of Form I-693 were properly completed.

- Submit two passport-style photographs for the 485 applicant.

For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

**When You Need To Do It**

You must send the requested information by mail to the address shown below by August 8, 2020.

You must submit all of the requested evidence at one time. If you submit only part of the evidence, we will make a decision based on the evidence that you submit. We will not consider any evidence that is submitted after the due date. If you do not respond to this request by the date shown above, we will deny your case.

If you submit a document in any language other than English, you must provide: (1) a copy of the original document in its foreign language; and (2) a full English translation of the document. The translator must certify that the translation is complete and accurate, and that he or she is competent to translate from the foreign language to English.

We strongly recommend you keep a copy of all documents that you submit to USCIS in response to this request.

**Please include a copy of this letter with your response.**

Submit your response with requested document(s), information, etc. to this address:

| Regular Mail | Express Mail or Courier Deliveries |
|---|---|
| U.S. Department of Homeland Security National Benefits Center P.O. Box 25920 Overland Park, KS 66225 | USCIS, Attention: Adjustment of Status 850 NW Chipman Rd Lee's Summit, MO 64063 |

Please do not forget to include a copy of this letter with your response.

Sincerely,

Terri A. Robinson
Director

Officer: OA0316

# EXHIBIT 8

Decision I-539 - WAC1890174417

November 26, 2019



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92677-0590

**U.S. Citizenship
and Immigration
Services**



WAC1890174417



A219-142-731

MARCELO GONDIM
GONDIM LAW CORP
650 TOWN CENTER DR STE 855
COSTA MESA, CA 92626

Form I-539, Application to Extend/Change
Nonimmigrant Status



## <u>DECISION</u>

Applicant(s): GOMES FERREIRA, DANIEL

On March 7, 2018, you filed a Form I-539, Application to Extend/Change Nonimmigrant Status with U.S. Citizenship and Immigration Services (USCIS).

After careful review and consideration of the entire record, your Form I-539 is denied for the reason(s) discussed below.

Section 101(a)(15)(B) of the Immigration and Nationality Act (INA) defines a B-2 nonimmigrant as:

> an alien (other than one coming for the purpose of study or of performing skilled or unskilled labor or as a representative of foreign press, radio, film, or other foreign information media coming to engage in such vocation) having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure;

Title 22, Code of Federal Regulations, Section 41.31 (b)(2) defines the term "pleasure" as follows:

> (2) The term *pleasure,* as used in INA 101(a)(15)(B), refers to legitimate activities of a recreational character, including tourism, amusement, visits with friends or relatives, rest, medical treatment, and activities of a fraternal, social, or service nature.

Furthermore, pleasure is defined in the Department of State's regulations at Volume 9 of the Foreign Affairs Manual 402.2-4(A) to include "tourism or family visits, medical reasons, participation in social events, armed forces dependents, dependents of crewmen, short courses of study, and amateur entertainers and athletes."

Further, U.S. Citizenship and Immigration Services (USCIS) may terminate an alien's authorized period of stay or deny a request for an extension of stay for a B nonimmigrant when the agency becomes aware the alien intends to remain in the United States indefinitely. See *Matter of Safadi*, 11 I&N. Dec 446 (BIA 1965). Similarly, *Matter of Gutierrez*, 15 I. & N. Dec. 727 (Reg. Comm. 1976),

established that an application for change of status can be denied when the record establishes that the applicant is an intending immigrant.

Additionally, as noted in the precedent decision of *Matter of Healy and Goodchild*, 17 I&N. Dec 22 (BIA 1979), the B nonimmigrant category is not a catch-all classification to be used for whatever purpose an alien wishes, but instead is a defined classification, with specific requirements, including possession of a bona fide nonimmigrant intent at the time of your admission to the United States in B classification.

You were admitted to the United States as a B-2 nonimmigrant on September 19, 2017, with an authorized period of stay until March 18, 2018. You filed your request for an extension of stay on March 7, 2018.   On July 23, 2019, USCIS issued you a Notice of Intent to Deny (NOID), proposing to deny this Form I-539, along with the reasons for that intent.

On August 29, 2019, you responded to the NOID by submitting a letter from the attorney of record and a job offer letter from Sakai Engenharia, a company from abroad that has been waiting for you to accept the job offer since 2018.

After a thorough review of the entire record of proceeding, USCIS has determined that you have not met the eligibility requirements.

As an additional and closely-related issue, you must establish that you have a residency abroad which you have no intention of abandoning.  See INA § 101(a)(15)(B) and *Matter of Healy and Goodchild*, *supra*.

You indicated that you made travel plans to depart the United States in December 2018.  However, no documentation was submitted such as airline purchased tickets, itinerary, etc., to show that you in fact had made plans to depart the United States back in December 2018.  In addition, it appears that you have not accepted the job offer from Sakai Engenharia with no intention to depart the United States and to abandon your foreign residence.

As the requirements for B-2 non-immigrant status include that you intend to stay temporarily in the United States and not abandon your permanent residence overseas, you have not established that you are eligible for the requested benefit at this time.

Based on this information, USCIS has determined that you are an intending immigrant and plan to remain in the United States in order to await the approval of the your immigrant visa petition and/or request for adjustment of status. Using the B nonimmigrant classification to maintain status until an immigrant visa petition or adjustment application is approved is inconsistent with the requirements for a B temporary visitor under section 101(a)(15)(B) of the INA.

Therefore, the record does not establish that your stay in the United States is temporary or that you intended to depart from the United States at the end of your current authorized stay granted by CBP or after any extended period of stay authorized by USCIS.   Finally, the record does not establish that you will return to your residency abroad and have no intention of abandoning your foreign residence.

USCIS has determined from review of official records that you are the beneficiary of a pending immigrant visa petition OR an application for adjustment of status under Receipt Number LIN1990305231.

Although you have a job offer abroad, you have filed already two applications for Extension of Stay.



As such, USCIS has determined that:

- You intend to abandon your foreign residence;
- Your stay is not temporary;
- You have made no arrangements to depart the United States; and
- You are not here for pleasure

Furthermore, USCIS finds that your proposed activity is not consistent with the B-2 nonimmigrant classification. This classification is to be used for activities such as traveling and visiting family and friends.

Matter of Healy and Goodchild, 17 I. & N. Dec. 22 (BIA 1979) states that the B-2, visitor for pleasure, nonimmigrant category is not a "catch-all" available to all who wish to come to the U.S. temporarily for whatever purpose but instead encompasses a specific, defined class of aliens.

Therefore, it appears that you are using the B nonimmigrant classification to maintain status until an immigrant visa petition or adjustment application is approved, which is inconsistent with the requirements for a B-2 temporary visitor under section 101(a)(15)(B) of the INA.

Therefore, your application is denied. This decision is without prejudice to consideration of subsequent applications to extend/change nonimmigrant status filed with USCIS.

This decision may not be appealed. However, if you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may submit a motion to reopen or a motion to reconsider by completing a Form I-290B, Notice of Appeal or Motion. A motion to reopen must state the new facts to be considered and must be supported by affidavits or other new documentary evidence. A motion to reconsider must show that the decision was legally incorrect according to statute, regulation, and/or precedent decision.

The motion must be filed within 33 days from the date of this notice. You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS 290B
PO Box 21100
Phoenix, AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 and/or 103.5; call our National Customer Service Center at 1-800-375-5283; or visit your local USCIS office.

**WARNING CONCERNING UNLAWFUL PRESENCE**

Please be aware that, under section 212(a)(9)(B) of the Immigration and Nationality Act (INA), an alien who accrues more than 180 days of unlawful presence in the United States, and then departs, is inadmissible to the United States for a period of either three years or ten years.

You may remain in your current nonimmigrant status until the expiration date indicated on your Form I-94, Arrival-Departure Record. However, if the date listed on your Form I-94 has already passed, this Notice of Decision may leave you without lawful immigration status and you may be present in the United States in violation of the law.



## OVERSTAY WARNING

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has not yet expired, but is due to expire soon. You are authorized to remain in the United States until your status expires (or any further extension is granted). If you fail to depart the United States on or before the date on which your period of authorized stay expires, USCIS may issue you a Notice to Appear and commence removal proceedings against you. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

Sincerely,

Kathy A. Baran
Director, California Service Center

# EXHIBIT 9

Decision I-539 - WAC1890395048

November 26, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92677-0590



**U.S. Citizenship and Immigration Services**

MARCELO GONDIM
GONDIM LAW CORP
650 TOWN CENTER DRIVE STE 835
COSTA MESA, CA 92626



WAC1890395048



A219-142-731

Form I-539, Application to Extend/Change
Nonimmigrant Status



## <u>DECISION</u>

Applicant(s): GOMES FERREIRA, DANIEL

On September 18, 2018, you filed a Form I-539, Application to Extend/Change Nonimmigrant Status with U.S. Citizenship and Immigration Services (USCIS).

After careful review and consideration of the entire record, your Form I-539 is denied for the reason(s) discussed below.

In order to be eligible for an extension of stay, you must establish that you have maintained your previously accorded nonimmigrant status up to the date of filing of the current application.

Title 8 Code of Federal Regulations, Section 214.1(c)(4) states:

> Timely filing and maintenance of status. An extension of stay may not be approved for an applicant who failed to maintain the previously accorded status or where such status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of the Service and without separate application, with any extension granted from the date the previously authorized stay expired, where it is demonstrated at the time of filing that:
>
> > (i) The delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances;
> >
> > (ii) The alien has not otherwise violated his or her nonimmigrant status;
> >
> > (iii) The alien remains a bona fide nonimmigrant; and
> >
> > (iv) The alien is not the subject of deportation proceedings under section 242 of the Act (prior to April 1, 1997) or removal proceedings under section 240 of the Act.

You have failed to maintain your nonimmigrant status because your authorized stay expired prior to filing this application and you have given no justifiable reason for the delay in submitting your application. Your authorized stay expired on March 18, 2018 and you filed this application on September 18, 2018.

Therefore, your application is denied. This decision is without prejudice to consideration of subsequent applications to extend/change nonimmigrant status filed with USCIS.

This decision may not be appealed. However, if you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may submit a motion to reopen or a motion to reconsider by completing a Form I-290B, Notice of Appeal or Motion. A motion to reopen must state the new facts to be considered and must be supported by affidavits or other new documentary evidence. A motion to reconsider must show that the decision was legally incorrect according to statute, regulation, and/or precedent decision.

The motion must be filed within 33 days from the date of this notice. You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

> USCIS 290B
> PO Box 21100
> Phoenix, AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 and/or 103.5; call our National Customer Service Center at 1-800-375-5283; or visit your local USCIS office.



### WARNING CONCERNING UNLAWFUL PRESENCE

Please be aware that, under section 212(a)(9)(B) of the Immigration and Nationality Act (INA), an alien who accrues more than 180 days of unlawful presence in the United States, and then departs, is inadmissible to the United States for a period of either three years or ten years.

You may remain in your current nonimmigrant status until the expiration date indicated on your Form I-94, Arrival-Departure Record. However, if the date listed on your Form I-94 has already passed, this Notice of Decision may leave you without lawful immigration status and you may be present in the United States in violation of the law.

### OVERSTAY WARNING

The evidence of record shows that, when you filed your application, you were lawfully present in the United States. Your period of authorized stay has expired. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

Sincerely,

Kathy A. Baran
Director, California Service Center



# EXHIBIT 10

Notice of Intent to Deny - I-539 - WAC1890395048

July 23, 2019



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590

**U.S. Citizenship
and Immigration
Services**

DANIEL GOMES FERREIRA
c/o DANIEL GOMES FERREIRA
█████████████████



WAC1890395048

Form I-539, Application to Extend/Change
Nonimmigrant Status

<u>**NOTICE OF INTENT TO DENY**</u>

Applicant(s): Daniel Gomes Ferreira

INA 101(a)(15)(b) defines B nonimmigrants as individuals having a residence in a foreign country which he/she has no intention of abandoning and who are visiting the United States temporarily for business or temporarily for pleasure. Furthermore, the Department of State's Volume 9 of the Foreign Affairs Manual 402.2-4(A) states that B-2 individuals include those entering the United States temporarily for pleasure, which includes "tourism or family visits, medical reasons, participation in social events, armed forces dependents, dependents of crewmen, short courses of study, and amateur entertainers and athletes."



9FAM402.2-5(B) further describes B-1 nonimmigrants as those classified as visitors for business, if otherwise eligible, and are traveling to the United States to engage in commercial transactions, which do not involve gainful employment in the United States (such as a merchant who takes orders for goods manufactured abroad), to negotiate contracts, consult with business associates, litigate, participate in scientific, educational, professional, or business conventions, conferences, or seminars; or to undertake independent research.

You were admitted to the United States as a B-2 nonimmigrant on September 19, 2017, with an authorized period of stay until March 18, 2018. You filed your request for an extension of stay on September 18, 2018. After a review of the evidence, USCIS intends to deny your application.

U.S. Citizenship and Immigration Services (USCIS) may terminate an alien's authorized period of stay or deny a request for an extension of stay for a B nonimmigrant when the agency becomes aware the alien intends to remain in the United States indefinitely. See Matter of Safadi, 11 I&N. Dec 446 (BIA 1965). Similarly, Matter of Gutierrez, 15 I. & N. Dec. 727 (Reg. Comm. 1976), established that an application for change of status can be denied when the record establishes that the applicant is an intending immigrant.

**You Did Not Establish Temporariness of Stay**

A review of USCIS records shows that you have a pending immigrant visa petition (receipt number LIN1990305230) and/or a pending Form I-485, Application to Register Permanent Residence or

2 ER 52

Adjust Status (LIN1990305231). Your pending immigrant visa petition and/or application for adjustment of status indicates that you intend to remain permanently, not temporarily, in the United States, and that you wish to use the B nonimmigrant classification to remain in a valid nonimmigrant status while you await a decision on your immigrant visa petition and/or adjustment application. Absent other evidence indicating you do not intend to remain in the U.S. indefinitely; you have failed to establish the temporariness of your requested extension of stay consistent with the requirements prescribed under INA § 101(a)(15)(B).

**You Did Not Establish Foreign Residence**

As an additional and closely-related issue, you must establish that you have a residency abroad which you have no intention of abandoning. See INA § 101(a)(15)(B) and Matter of Healy and Goodchild, supra.

Because you have applied for permanent residence, this indicates that you intend to remain in the United States in order to await the approval of your visa petition and/or adjustment application. As the requirements for B-2 non-immigrant status include that you intend to temporarily stay in the United States, you have not established that you are eligible at this time. Using the nonimmigrant classification to maintain status until a visa petition or adjustment application is approved is inconsistent with the requirements prescribed under Section 101(a)(15)(B) of the Act.

As an additional and closely-related issue, you must establish that you have a residency abroad which you have no intention of abandoning. See INA 101(a)(15)(B) and Matter of Healy and Goodchild, supra.

USCIS records show that you filed a Form I-485, Application to Register Permanent Residence or Adjust Status (LIN1990305231) on March 8, 2019. Because you have applied for permanent residence, the record does not demonstrate that you intend to depart the United States prior to the visa number becoming available and not abandon your foreign residence.

As the requirements for a non-immigrant status include that you intend to temporarily stay in the United States and not abandon your permanent residence overseas, you have not established that you are eligible for the requested benefit at this time. As such, USCIS intends to deny your application.

For the reasons stated above, you have not shown that you are eligible for the benefit sought. You are afforded 30 days from the date of this notice to submit additional information, evidence or arguments to support the application. Additionally, when USCIS serves a notice by mail, three days are added to the prescribed period in which to respond. Any such evidence or arguments will be carefully reviewed prior to a final determination in this matter. Failure to respond, however, will result in adjudication of the application on the basis of the record, as it is now constituted, including the information referred to above.

**Your response must be received in this office by August 25, 2019.**

Any response to this notice should be sent to the following address:

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
**P.O. BOX 10590**
**LAGUNA NIGUEL, CA. 92607-0590**

2 ER 53

For more information, visit our website at: www.uscis.gov



Or, call us at: **1-800-375-5283**

Telephone service for the hearing impaired: **1-800-767-1833**

Sincerely,

Kathy A. Baran
Director, California Service Center
Officer: DU0121