**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL GOMES FERREIRA,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; JOSEPH EDLOW; CARRIE M. SELBY, Acting Associate Director, Service Center Operations Directorate,<br><br>  Defendants - Appellees. | No. 25-1970<br><br>D.C. No.<br>4:24-cv-01820-DMR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted July 8, 2026[**]
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

In this counseled appeal, Plaintiff-Appellant Daniel Gomes Ferreira

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("Appellant") challenges the district court's denial of summary judgment to him and grant of summary judgment for Defendants-Appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Defendants-Appellees cross-moved for summary judgment, arguing that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), the district court lacks jurisdiction to review the U.S. Citizenship and Immigration Services's ("USCIS's") denial of Appellant's Form I-485 application. Appellant did not respond to the cross-motion. The district court therefore considered the motion unopposed and correctly "conclude[d] that it lack[ed] jurisdiction to review USCIS's denial of [his] [Form] I-485 application and related Form I-290B motions."

Appellant now argues that § 1252(a)(2)(B)(i) "does not strip federal district courts of jurisdiction to hear collateral challenges to generally applicable policies and procedures." But "[i]t is a long-standing rule in the Ninth Circuit that, generally, 'we will not consider arguments that are raised for the first time on appeal.'" *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). While this rule is subject to exceptions, *id.*, Appellant did not argue in his opening brief that any apply here. And "arguments not raised by a party in its opening brief are deemed waived." *Smith*, 194 F.3d at 1052. Thus, we decline to address Appellant's argument regarding jurisdiction.

25-1970

2.      Appellant also challenges the district court's analysis regarding his Form I-539 applications.  He claims that USCIS's "delay" in processing his Form I-539 applications "not only frustrated the statutory framework established by Congress for lawful status maintenance and adjustment of status, but it also undermined the principles of fairness and due process."  "As such," he argues, "the agency's conduct was arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A)."  These conclusory arguments fail to show that the district court committed any legal error.

3.      Appellant purports to advance a procedural due process claim.  But his opening brief cites no authority in support of this claim, which the district court correctly determined was not pleaded in his complaint.

4.      For the first time on appeal, Appellant seeks leave to amend his complaint.  But when "a party does not ask the district court for leave to amend, the request on appeal to remand with instructions to permit amendment comes too late." *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (citation modified).  In any case, we are unpersuaded by Appellant's argument that his complaint could be saved by amendment.

**AFFIRMED.**

3                                                                              25-1970